# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 25, 2006 Session

## STATE OF TENNESSEE v. CHARLOTTE STEPHENS

**Appeal from the Criminal Court for Knox County**
**No. 75690     Mary Beth Leibowitz, Judge**

---

**No. E2005-01925-CCA-R9-CD - Filed October 13, 2006**

---

JAMES CURWOOD WITT, JR., J., concurring.

I agree that principles of double jeopardy would be offended upon the defendant's retrial for second degree murder because the record does not support the trial court's finding of manifest necessity and because the defendant, ostensibly at least, did not consent to the order of mistrial. I write this concurring opinion because this latter issue – the defendant's lack of consent – gave me great pause.

In *State v. Mounce,* 859 S.W.2d 319 (Tenn. 1993), our supreme court efficiently elucidated the principles governing the issue of retrial following mistrial:

> [R]etrial may be permitted if the defendant consented to the termination of the proceeding at issue. "In such a case the accused has deliberately elected to forego his right to have guilt or innocence determined by the first trier of fact."
>
> Additionally, a retrial is permitted where there is a "manifest necessity" for the declaration of the mistrial, regardless of the defendant's consent or objection. . . .When the mistrial is declared because of a manifest necessity, double jeopardy is not violated when the defendant is retried, even if he objected to the mistrial. The granting of a mistrial is within the sound discretion of the trial court, which will not be disturbed on appeal absent a finding of abuse of discretion.

*Id.* at 321-22 (citations omitted). Thus, retrial is not barred when *either* manifest necessity requires the mistrial *or* the defendant consents to the mistrial order.

In the present case, the majority opinion ably explains that the record does not support a finding of manifest necessity. "It is only when there is no feasible and just alternative to halting the proceedings that a manifest necessity is shown." *Mounce*, 859 S.W.2d at 322. I am unpersuaded that the problem caused by Officer Vineyard's testimony could not have been redressed by an apt jury instruction.

The question of the defendant's lack of consent to the mistrial order is not as easily resolved as the defendant would like. When Officer Vineyard testified that he asked for a search warrant, the defendant objected. Assuming that the officer's testimony was inadmissible based upon the trial court's pretrial ruling, only two practical solutions were available: The trial court could redress the defendant's grievance by aptly instructing the jury to avoid any prejudicial reaction to the testimony, or it could declare a mistrial. I acknowledge that the defendant declared that he did not want a declaration of mistrial. On the other hand, he never asked for an instruction. (Indeed, the *state* requested a curative instruction.) Rather, the defendant moved the court then and there to dismiss the case. I am mindful that this motion came *during*, and not after, the state's case-in-chief.

Despite the defendant's protests, the circumstances smack strongly of his intent to provoke a mistrial without accountability. If I could feel confident that such was the defendant's bent in this case, I would hold that he consented to the mistrial. In other words, a defendant should be accountable for an implied consent to a declaration of mistrial when his "responses appear calculated to encourage the trial court to grant a mistrial, without making his consent express." *State v. Carl Erskine White*, 369 N.W.2d 301, 304, (Minn. App. 1985). The record does not support a finding that the state goaded the defendant into supporting a mistrial, *see Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S. Ct. 2083, 2089 (1983), and in that circumstance, and if the defendant had impliedly consented to a declaration of a mistrial, I would have affirmed the trial court's denial of the defendant's motion to dismiss.

_____
JAMES CURWOOD WITT, JR., JUDGE